**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

v.                                                                    CASE NO.  5:15cr21-RH

MARWAN ISA BELION,

        Defendant.

_____/

**ORDER FINDING THE DEFENDANT COMPETENT
TO PROCEED, DENYING HIS REQUEST TO
REPRESENT HIMSELF, AND SCHEDULING THE TRIAL**

This order confirms the rulings announced on the record of the hearing on

August 11, 2016, on the issues of the defendant Marwan Isa Belion's competence,

attorney representation, and the trial date.

At the outset of the case, Mr. Belion asked to represent himself.  Mr. Belion

rejected representation by an appointed attorney and rejected the assistance of an

appointed standby attorney.  Mr. Belion also expressed views and exhibited

behaviors that called into question his competence to proceed.

Mr. Belion was sent for a competency examination within the Bureau of

Prisons.  The examiner concluded that Mr. Belion was competent.  At a

competency hearing on January 14, 2016, I found Mr. Belion competent to

proceed.

Mr. Belion's request to represent himself was addressed at the same hearing.

In *Faretta v. California*, 422 U.S. 806 (1975), the Supreme Court held that a

defendant has a right to represent himself if competent to do so.  I engaged in a

colloquy with Mr. Belion and found Mr. Belion competent to represent himself.

Mr. Belion represented himself at a suppression hearing on January 29,

2016.  He lost.  He asked at the conclusion of the hearing to change course and to

have an attorney appointed.  This was almost certain to delay the trial, which was

set for February 29.  A defendant who insists on representing himself and is

granted leave to do so waives the right to an appointed attorney.  Nonetheless, I

appointed an attorney to represent Mr. Belion.

Mr. Belion moved to continue the trial so that his attorney could prepare.

The trial was rescheduled for May 16, 2016.

On May 9, Mr. Belion submitted two long documents pro se.  They were

mostly nonsensical.  A status conference was set for May 12.

Just before the hearing, the attorneys and the United States Marshals Service

advised the courtroom deputy clerk that Mr. Belion was behaving erratically,

showing signs of incompetence worse than anything that preceded the original

competency examination.  I convened the hearing and was able to communicate

with Mr. Belion for a time.  He sought to change course yet again—to represent

himself.  I attempted to engage Mr. Belion in a renewed *Faretta* colloquy, but he

would not engage on that issue.  His comments and behavior called into question

his competence not just to represent himself but to proceed at all.  In light of the

changed circumstances—as shown by the oral reports of the attorneys and

Marshals Service as well as Mr. Belion's behavior in the courtroom—I sent Mr.

Belion for another competency examination within the Bureau of Prisons.

The examiner again concluded that Mr. Belion was competent to proceed.

On August 11, 2016, another competency hearing was conducted.  I found Mr.

Belion competent and turned to the issue of representation.

Mr. Belion would not answer straightforward questions.  It was impossible

to conduct a renewed *Faretta* colloquy.  Without such a colloquy, I could not find

Mr. Belion competent to represent himself, and I could not find that Mr. Belion

had knowingly, voluntarily, and intelligently waived his right to be represented by

an attorney.  *See Indiana v. Edwards*, 554 U.S. 164, 176 (2008) (recognizing that a

defendant who is competent to stand trial is not necessarily competent to represent

himself).  Moreover, Mr. Belion had no right to change course yet again.  A

defendant who is competent to do so has a right to represent himself, but a

defendant has no right to repeatedly change back and forth between representing

himself and having an appointed attorney.  I denied Mr. Belion's request to represent himself.

A note about this is in order.  It sometimes happens that defendants are uncooperative.  Sometimes they refuse to identify themselves or to recognize the court's authority.  This happens with sovereign citizens and others.  A patient judge can ordinarily work through the problem.  But after unsuccessful attempts at the May 12 and August 11 hearings, I called off the effort to have a meaningful *Faretta* colloquy.  At some point, a defendant's effort to prolong a proceeding and to control it must end.

Also during the August 11 hearing, and in light of the attorneys' and court's calendars, the trial was set for September 27, 2016.  I find that a reasonable delay of the trial to that date is appropriate, for the reasons set out on the record and based on the history of the case to this point.  I find that the ends of justice that will be served by setting the trial for that date outweigh the interest of the public and Mr. Belion in a speedier trial.

For these reasons and those set out on the record of the August 11 hearing,

IT IS ORDERED:

1.  Mr. Belion is found competent to proceed.

2.  Mr. Belion's request to represent himself is denied.

3.  The trial is scheduled for September 27, 2016.

SO ORDERED on August 16, 2016.

s/Robert L. Hinkle
United States District Judge
